THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER JOHNSON, Defendant-Appellant.

Second District    No. 2—95—1108

Opinion filed February 26, 1997.

G. Joseph Weller, Thomas A. Lilien, and Colleen M. Chang, all of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Christopher Johnson, appeals the trial court's order denying his motion to reconsider sentence. The court conducted a new hearing on the motion after this court reversed the trial court's previous order because defense counsel failed to comply with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). Defendant contends that (1) the court erred in refusing to consider evidence of his good behavior in prison while the prior appeal was pending and (2) he is entitled to 421 days' credit against each of his four consecutive sentences.

Defendant was charged by indictment with 10 counts of armed robbery (720 ILCS 5/18—2 (West 1994)), 14 counts of robbery (720 ILCS 5/18—1 (West 1994)), and 1 count of attempted robbery. However, one count of armed robbery and one count of robbery were deleted from the indictment.

On May 2, 1994, defendant pleaded guilty to one count of armed robbery in exchange for the State striking the words "with a gun" from the indictment. Two additional counts were dismissed as lesser included offenses.

On July 13, 1994, the State agreed to dismiss 13 charges that were subject to a pending appeal in exchange for defendant's agreement to plead guilty to 5 counts of armed robbery, 1 count of robbery and 1 count of attempted robbery. There was no agreement concerning the sentence.

The court sentenced defendant to four consecutive six-year terms of imprisonment for four robberies in which a gun was used. The court ordered these sentences to be served concurrently with two concurrent six-year terms for armed robbery, one three-year term for robbery, and one two-year term for attempted robbery.

Defendant filed a motion to reconsider the sentences. The court denied the motion and defendant appealed.

This court reversed, finding that defense counsel had failed to file the certificate required by Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). *People v. Johnson*, 271 Ill. App. 3d 1152 (1995) (unpublished order under Supreme Court Rule 23). This court remanded the cause to the trial court to conduct a new hearing on the motion to reconsider sentence.

Following remand, defense counsel filed the required certificate and the court conducted a new hearing. Defense counsel asked the court to consider evidence of defendant's "positive accomplishments" in prison while the first appeal was pending. The court refused to allow such evidence. The court denied the motion to reconsider and defendant filed this appeal.

Defendant contends that the trial court erred in refusing to consider evidence of his accomplishments in prison during the pendency of the first appeal. The State initially responds that we lack jurisdiction to hear this appeal because a defendant may not move to reconsider a sentence imposed pursuant to a partially negotiated guilty plea. Alternatively, the State contends that, at a hearing on a motion to reconsider sentence, the court should consider only evidence that was available at the time of the original sentencing hearing. Because defendant's proffered evidence related to events occurring after his sentencing hearing, the court properly refused it.

■ Noting that it agreed to dismiss several charges in exchange for defendant's guilty plea to the remaining counts, the State argues that defendant was thereby precluded from filing a motion to reconsider his sentence. The State relies on *People v. Evans*, 174 Ill. 2d 320 (1996), in which the supreme court held that "following the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment." *Evans*, 174 Ill. 2d at 332.

The State reads *Evans* too broadly. The quoted statement must

be read in the context of the holding of that case. In both consolidated cases comprising the *Evans* decision, defendants agreed to specific sentences in exchange for their guilty pleas. The supreme court held that under the circumstances "the guilty plea and the sentence 'go hand in hand' as material elements of the plea bargain." *Evans*, 174 Ill. 2d at 332. It would be unfair, the court said, to allow defendants to challenge only their sentences because doing so would deprive the State of the benefit of its bargain. *Evans*, 174 Ill. 2d at 332.

The court noted that a different rule applies to "open" guilty pleas, those in which defendants plead guilty without receiving any promises from the State. In those cases:

> "[T]he trial court exercises its discretion and determines the sentence to be imposed. Both good public policy and common sense dictate that defendants who enter open guilty pleas be allowed to challenge only their sentences without being required to withdraw their guilty pleas." *Evans*, 174 Ill. 2d at 332, citing *People v. Wilk*, 124 Ill. 2d 93, 110 (1988); *People v. Wallace*, 143 Ill. 2d 59, 60 (1991).

The plea in this case was partially negotiated. The State agreed to drop certain charges in exchange for defendant's plea, but the parties reached no agreement on sentencing. The sentence to be imposed was left to the court's discretion. Thus, the same policy reasons applicable to "open" pleas also apply here. There is no logical basis to allow a defendant who has no agreement with the State to challenge the court's discretion in imposing sentence, while denying such a right to a defendant who agrees with the State on issues not related to the sentence, leaving the sentence to the court's discretion.

In *People v. Wendt*, 283 Ill. App. 3d 947 (1996), an opinion issued six days after *Evans*, this court reached a similar result and held that a defendant is precluded from challenging his sentence only if the trial court effectively exercised no discretion in imposing it. *Wendt*, 283 Ill. App. 3d at 952. This holding is consistent with the policy expressed in *Evans* that a defendant may move to reconsider his sentence where the court exercised discretion in sentencing rather than imposing an agreed-upon sentence. Thus, defendant's motion to reconsider his sentence was proper and we have jurisdiction to review the court's order denying it.

■ We agree with the State, however, that the trial court properly refused to consider evidence of defendant's "accomplishments" in prison during the prior appeal. We recently rejected the same argument. In *People v. Vernon*, 285 Ill. App. 3d 302 (1996), we held that the purpose of a motion to reconsider a sentence is not to obtain a new sentencing hearing. Rather, such a motion allows the trial court

to review the appropriateness of the sentence already imposed. *Vernon*, 285 Ill. App. 3d at 304. Accordingly, evidence of events occurring after the original sentence was imposed is improper. We stated:

> "When ruling on a motion to reconsider a sentence, the trial court should limit itself to determining whether the initial sentence was correct; it should not be placed in the position of essentially conducting a completely new sentencing hearing based on evidence that did not exist when defendant was originally sentenced." *Vernon*, 285 Ill. App. 3d at 304.

For the same reasons, the trial court here properly refused to consider evidence of defendant's conduct after the original sentencing hearing.

■ Defendant next contends that he is entitled to credit for 421 days spent in custody before trial and that the credit should apply to each of his consecutive sentences. The trial court granted him the credit only against the first sentence. The State responds that the four consecutive sentences are more properly considered as a single aggregate sentence to which only one credit should apply.

Section 5—8—7(b) of the Unified Code of Corrections states:

> "The offender shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed ***." 730 ILCS 5/5—8—7(b) (West 1994).

In *People v. Robinson*, 172 Ill. 2d 452 (1996), the supreme court held that the plain language of section 5—8—7(b) requires that a defendant receive credit against each sentence imposed for an offense for which he was in custody where he was simultaneously in custody on more than one offense. *Robinson*, 172 Ill. 2d at 462-63. Here, there is no indication in the record that defendant was not simultaneously in custody for each of the four offenses for which he received consecutive sentences. Therefore, under *Robinson*, he is entitled to a separate credit against each of those four sentences.

We reject the State's contention that *Robinson* is distinguishable because it was based on an "aberrant situation." *Robinson*'s holding clearly applies to this situation. Therefore, we modify defendant's sentence to provide for 421 days' credit against each of the four consecutive sentences.

The judgment of the circuit court of Kane County is affirmed as modified.

Affirmed as modified.

INGLIS and RATHJE, JJ., concur.