WILMER FEAZELL, Petitioner-Appellant, v. ODIE WASHINGTON et al., Respondents-Appellees.

Fourth District   No. 4—96—0980

Opinion filed September 9, 1997.

Wilmer Feazell, of Ina, appellant *pro se.*

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Sally A. Swiss, Assistant Attorney General, of counsel), for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Petitioner, Wilmer Feazell, an inmate in the Department of Corrections, filed a *pro se* petition for writ of *mandamus*. Petitioner requested that the court order respondents Odie Washington, Director of the Illinois Department of Correction, William O'Sullivan, chief administrative officer of the Western Illinois Correctional Center, and Donald Rentmeister, record office supervisor of the Western Illinois Correctional Center, to credit him with 637 days' sentence credit as against his sentence of two years' imprisonment for unlawful use of weapons, a sentence imposed consecutively to two concurrent 13-year terms of imprisonment for attempt (murder), sentences for which he had already received 637 days' sentence credit for time spent in custody prior to sentencing. Petitioner had been sentenced on all of the convictions on August 12, 1992, and at that time received 637 days' sentence credit as against each of the two concurrent sentences for the attempt (murder) convictions. The trial court granted the respondents' motion for summary judgment, finding *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996), inapplicable to consecutive sentences and that petitioner had been accorded the proper sentencing credit pursuant to section 5—8—4(e) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—4(e) (West 1996)).

■ Summary judgment is properly granted if the court determines that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1996). On appeal, the review of an entry of summary judgment is *de novo. People ex rel. Hughes v. Walker,* 278 Ill. App. 3d 116, 118, 662 N.E.2d 177, 178 (1996).

■ On August 12, 1992, petitioner was sentenced on all three offenses. He does not dispute the calculation that he spent 637 days in custody prior to sentencing on all three offenses. Instead, he contends he is entitled to an additional 637 days' sentence credit as against his consecutive sentence for unlawful use of weapons. Section 5—8—7(b) of the Code provides:

> "The offender shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed ***." 730 ILCS 5/5—8—7(b) (West 1996).

In *Robinson,* the supreme court held that a defendant in custody on two unrelated offenses is simultaneously in custody on both charges and should receive sentence credit pursuant to section 5—8—7(b) for the time he is in custody awaiting trial and sentencing on both charges. *Robinson,* 172 Ill. 2d at 459, 463, 667 N.E.2d at 1308, 1310. The *Robinson* defendant, however, was not subject to consecutive sentences, as is the petitioner here. Determinations of the manner in which consecutive sentences are to be imposed are encompassed by section 5—8—4(e) of the Code, which provides:

> "In determining the manner in which consecutive sentences of imprisonment *** will be served, the Department of Corrections shall treat the offender as though he had been committed for a *single term* with the following incidents:
>
> * * *
>
> (4) the offender shall be awarded credit against the *aggregate* maximum term and the *aggregate* minimum term of imprisonment for all time served in an institution since the commission of the offense or offenses and as a consequence thereof ***." (Emphasis added.) 730 ILCS 5/5—8—4(e) (West 1996).

■ Since, under the plain language of section 5—8—4(e), petitioner's concurrent and consecutive sentences are to be treated as a "single term," he was properly credited with 637 days against his aggregate maximum and minimum terms, which encompassed the concurrent sentences and the consecutive sentence. Under section 5—8—4(e) he is entitled to no more. Since *Robinson* does not entail the imposition of consecutive sentences pursuant to section 5—8—4(e) of the Code, we find it inapplicable here. The precedential scope of a decision is limited to its facts. See *People v. Flatt,* 82 Ill. 2d 250, 261, 412 N.E.2d 509, 515 (1980).

We note that the Second District Appellate Court has reached a contrary conclusion in holding that *Robinson* makes no exception for consecutive sentences. See *People v. Johnson*, 286 Ill. App. 3d 597, 601, 676 N.E.2d 1040, 1043 (1997), *appeal denied*, 173 Ill. 2d 536 (1997). *Johnson*, however, makes no reference to the consecutive sentencing provisions of section 5—8—4(e) of the Code and we decline to follow its holding.

The entry of summary judgment in favor of respondents is affirmed.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.