THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADOLFO MUNOZ FRIAS, Defendant-Appellant.

First District (1st Division)   No. 1—96—0045

Opinion filed February 17, 1998.—Rehearing denied May 5, 1998.

Michael J. Pelletier and James E. Chadd, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Ken-

neth T. McCurry, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Following a jury trial, defendant Adolfo Munoz Frias was convicted of first-degree murder and home invasion and sentenced to consecutive sentences of 85 years and 10 years, respectively. Defendant does not contest the sufficiency of the evidence of his guilt. He does not allege that any error occurred at trial, nor does he contend that his sentences were excessive. Rather, defendant contends on appeal only that he is entitled to 846 days' credit on each of his sentences. Accordingly, we will discuss only that limited issue.

●1, 2 Pursuant to section 5—8—4(e)(4) of the Unified Code of Corrections (Code), a defendant's consecutive sentences are treated as a single term, and he is entitled to credit against the aggregate term of imprisonment for time he was in custody. 730 ILCS 5/5—8—4(e)(4) (West 1996). Section 5—8—7(b) of the Code states that a defendant shall be given credit for time spent in custody as a result of the offense for which the sentence was imposed. 730 ILCS 5/5—8—7(b) (West 1996). The supreme court has held that the language of section 5—8—7(b) entitles a defendant who, while out on bond awaiting trial on one charge, commits another offense and serves a sentence for it, to receive credit for time served in prison for the sentences he received on both charges. *People v. Robinson*, 172 Ill. 2d 452, 463 (1996). The *Robinson* court did not, however, address section 5—8—4(e) of the Code.

Our appellate court has split over the application of the *Robinson* holding to consecutive sentences. The fourth and fifth districts have concluded that because *Robinson* did not address the issue of consecutive sentences, it is inapplicable to the determination of credit for time served against the aggregate "single term" definition of consecutive sentences under the plain language of section 5—8—4(e) of the Code. See *People v. Plair*, 292 Ill. App. 3d 396, 400-01 (1997), *appeal denied*, 182 Ill. 2d 565 (1999); *Feazell v. Washington*, 291 Ill. App. 3d 766, 768 (1997), *appeal denied*, 182 Ill. 2d 549 (1999). The second district, however, applied *Robinson* to such a situation and awarded the defendant credit for time served against each of four consecutive sentences. *People v. Johnson*, 286 Ill. App. 3d 597, 601 (1997), *appeal denied*, 173 Ill. 2d 536 (1997).

■ We find the *Plair* and *Feazell* decisions better reasoned and agree that a defendant is entitled to time served only on the aggregate term of his consecutive sentences. Thus, the trial court correctly

determined that defendant was not entitled to double credit in this case. Accord *People v. Walker*, 278 Ill. App. 3d 916, 922 (1995); *People v. Mata*, 243 Ill. App. 3d 365, 377 (1993); *People v. McLemore*, 203 Ill. App. 3d 1052, 1058 (1990); *People v. Pluskis*, 162 Ill. App. 3d 449, 454-55 (1987).

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and GALLAGHER, J., concur.