# Illinois Official Reports

## Appellate Court

---

### *People v. Reeves*, 2015 IL App (4th) 130707

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUSSELL A. REEVES, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-13-0707, 4-13-0708 cons. |
| Filed | June 2, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, Nos. 07-CF-343, 08-CF-17; the Hon. Michael D. Clary, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, of State Appellate Defender's Office, of Springfield, and Alan D. Goldberg and Christofer R. Bendik, both of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Randall Brinegar, State's Attorney, of Danville (Patrick Delfino, David J. Robinson, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion.
Justices Harris and Steigmann concurred in the judgment and opinion. |

**OPINION**

¶ 1    On June 24, 2013, defendant, Russell A. Reeves, filed a motion to amend the written sentencing judgment for his consecutive sentences in case Nos. 07-CF-343 and 08-CF-17 to reflect a specific number of days of credit for simultaneous presentence custody on separate charges. Four days later, the trial court summarily dismissed the motion. Defendant filed a notice of appeal, and the court appointed the office of the State Appellate Defender (OSAD) to represent defendant. On appeal, OSAD moves to withdraw its representation of defendant, contending any request for review would be without merit. We grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3    In June 2007, the State charged defendant with six counts of aggravated criminal sexual assault in case No. 07-CF-343 for two 1998 incidents involving two different victims. Counts I through III alleged defendant committed an act of sexual penetration upon V.W. by the use of force or threat of force and caused V.W. bodily harm during the commission of a felony home invasion in August 1998. 720 ILCS 5/12-14(a)(2)-(4) (West 1996). Counts IV through VI alleged defendant committed an act of sexual penetration upon R.S. by the use of force or threat of force and caused R.S. bodily harm during the commission of a felony home invasion in May 1998. 720 ILCS 5/12-14(a)(2)-(4) (West 1996). Police arrested defendant and placed him in custody on June 4, 2007. Thereafter, the State charged defendant with possession of contraband in a penal institution in case No. 08-CF-17 for possessing a weapon on January 9, 2008, while in custody on the aggravated criminal sexual assault charges in case No. 07-CF-343.

¶ 4    In July 2008, defendant proceeded to a bench trial before Judge Nancy S. Fahey on case No. 08-CF-17. The trial court found defendant guilty beyond a reasonable doubt of possessing contraband in a penal institution. In September 2008, the parties appeared for sentencing on defendant's possession of contraband in a penal institution conviction. The court noted defendant was set for trial later in September 2008 on the aggravated criminal sexual assault charges in case No. 07-CF-343. The court continued the sentencing hearing on case No. 08-CF-17 in the hopes of resolving all matters at the same time.

¶ 5    In October 2008, defendant entered into a partially negotiated plea deal on the aggravated criminal sexual assault charges in case No. 07-CF-343. Defendant pleaded guilty to all six counts and, in exchange for his plea, the State agreed to a cap of no more than 30 years' imprisonment on all counts in case No. 07-CF-343 and case No. 08-CF-17. No one addressed sentencing credit at any time during the hearing on the guilty plea.

¶ 6        Seven months after accepting the guilty plea, Judge Fahey held a sentencing hearing on all charges from case Nos. 08-CF-17 and 07-CF-343. Following evidence in aggravation and mitigation, the court found counts I through III and counts IV through VI merged into two offenses. The court sentenced defendant as follows:

> "In 07 CF 343, on Count 1, you'll be sentenced to 12 years in the Illinois Department of Corrections. Counts 2, and 3 will merge. You'll serve 85 percent of that time. That will include three years of mandatory supervised release. On Count 4, you'll be sentenced to 12 years in the Illinois Department of Corrections. Counts 5 and 6 will merge into that count. On that count, you'll serve 50 percent of the time, and that will also carry three years mandatory supervised release. In 08 CF 17, you'll be sentenced to five years in the Illinois Department of Corrections, plus two years['] mandatory supervised release, and you will serve 50 percent of that time. What credit does Mr. Reeves have?"

The State advised the trial court judge: "Your Honor, in 07 CF 343, he has 718 days['] credit. The dates are from June 4th, 2007, through today, May 21, 2009. Then in 08 CF 17, he has 499 days['] credit. The dates are January 9, 2008, through today's date, May 21, 2009." The court accepted this credit and informed defendant he would receive 718 days' credit on case No. 07-CF-343 and 499 days' credit on case No. 08-CF-17. The sentences were to run consecutively. The written sentencing judgment provided for "credit in 07CF343 from 6/4/07 to 5/21/09; 08CF17 from 1/9/08 to 5/21/09. Def[endant] to serve 85% of sentence in [count I] 07CF343."

¶ 7        Defendant appealed case No. 08-CF-17 in June 2009, docketed as case No. 4-09-0406. In July 2010, this court granted defendant's motion to dismiss No. 4-09-0406. In April 2012, defendant filed a petition for postconviction relief regarding the alleged failure by the trial court to properly admonish defendant prior to accepting the plea in case No. 07-CF-343 regarding the three-year period of mandatory supervised release attendant to his sentence of imprisonment. That petition was summarily dismissed.

¶ 8        At some point, it came to defendant's attention the Department of Corrections credited him with 718 days of credit on case No. 07-CF-343 and no credit for the 499 days of credit on case No. 08-CF-17. Staff at Shawnee Correctional Center declined to credit defendant the 499 days on case No. 08-CF-17 because the date range overlapped with the time spent in custody on No. 07-CF-343. In June 2013, defendant filed a motion to amend the written sentencing judgment to reflect the actual number of days of credit in each case, not just the date ranges defendant spent in simultaneous presentence custody. A docket entry in the record shows Judge Michael D. Clary denied the motion on June 28, 2013, because "[t]he mittimus shows the sentences on these cases as imposed by the court."

¶ 9        This appeal followed. The appeal of case No. 07-CF-343 was docketed as case No. 4-13-0707 and the appeal of case No. 08-CF-17 was docketed as case No. 4-13-0708. In December 2014, this court allowed defendant's motion to consolidate the appeals. OSAD was appointed and moved to withdraw, filing a brief in support of its motion. On its own motion, this court granted defendant until January 15, 2015, to file additional points and authorities. Defendant responded *pro se*, the office of the State's Attorneys Appellate Prosecutor (SAAP) filed a brief, and defendant filed a reply brief. We have considered the record and we conclude, as did OSAD and SAAP, no meritorious issues can be raised as to the dismissal of defendant's motion to amend the written sentencing judgment.

¶ 11     OSAD contends the supreme court's ruling in *People v. Latona*, 184 Ill. 2d 260, 703 N.E.2d 901 (1998), controls and precludes defendant from receiving 499 days' credit toward his sentence in case No. 08-CF-17. In *Latona*, the supreme court construed section 5-8-4(e)(4) of the Unified Code of Corrections (730 ILCS 5/5-8-4(e)(4) (West 1994)). The supreme court held, "to the extent that an offender sentenced to consecutive sentences had been incarcerated prior thereto on more than one offense simultaneously, he should be given credit only once for actual days served." *Latona*, 184 Ill. 2d at 271, 703 N.E.2d at 907. OSAD contends defendant was simultaneously in custody on the charges in case No. 07-CF-343 during the 499 days defendant was in custody after the State charged him in case No. 08-CF-17. Because he was already in custody, and because his sentences are to be served consecutively rather than concurrently, defendant is not entitled to two days' credit for each single day he was in simultaneous presentence custody.

¶ 12     Defendant argues a person convicted of a crime must be sentenced in accord with the law at the time the offense was committed. Defendant argues *Latona* is inapplicable because he committed the two rapes in case No. 07-CF-343 in May and August 1998, and the *Latona* decision came down on November 19, 1998. Defendant argues the law before the *Latona* decision allowed defendants serving consecutive sentences to receive credit more than once for each day of presentence custody served. In his motion for an amended sentencing judgment before the trial court, defendant argues he was entitled to double credit under *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996) (simultaneous presentence custody credit applicable to *concurrent* sentences for separate offenses). We find this argument unavailing, as it ignores the salient point SAAP raises–defendant requests sentencing credit for the possession of contraband charge, a crime committed in 2008. By 2008, the law was clearly settled under *Latona*. Defendant's argument also ignores precedent from this court's holding in *Feazell v. Washington*, 291 Ill. App. 3d 766, 768, 684 N.E.2d 1052, 1053 (1997) (finding *Robinson* inapplicable to consecutive sentences and holding defendants sentenced to consecutive sentences are entitled to only one day of credit for each day of presentence custody served).

¶ 13     OSAD further points out defendant does not claim his plea bargain promised the double sentencing credit. Some decisions have held a defendant is entitled to double sentencing credit when the specified days of credit are included in the terms of the plea agreement. *People v. McDermott*, 2014 IL App (4th) 120655, ¶ 27, 12 N.E.3d 148. See also *People v. Clark*, 2011 IL App (2d) 091116, 956 N.E.2d 1078; *People v. Lenoir*, 2013 IL App (1st) 113615, 987 N.E.2d 1015. The record does not show any indication the State and defendant agreed to double credit for the 499 days defendant served in simultaneous custody on case Nos. 07-CF-343 and 08-CF-17. The plea agreement hearing contains no reference to sentence credit, but the parties clearly contemplated a separate sentencing hearing. Calculating sentence credit at the plea agreement hearing would have been fruitless as there was no determined date for the sentencing hearing.

¶ 14     At sentencing, the State began its argument by stating, "Your Honor, it's my understanding that the plea was for a maximum of 30. That maximum being a combination of the two counts in the counts on the two victims in the '07 case [(No. 07-343)], and the contraband case in the '08 case [(No. 08-CF-17)]." The State concluded by saying, "[M]y recommendation is for the 30 years broken down 12 and 12; 12 for Counts 1 through 3 in the '07 case, 12 years in Counts

4, 5, and 6 in the '07 case. Lastly, six years in the '08 case. I do have credits when the [c]ourt requests them." The court ultimately ordered 718 days' credit in No. 07-CF-343 and 499 days' credit in No. 08-CF-17. Even if defendant had raised a benefit-of-the-bargain argument, we conclude these statements do not suffice to support defendant's *McDermott* claim. The record shows only the State and the court mentioned sentence credit–neither defendant nor his counsel ever mentioned sentence credit. The record does not "*clearly* show[ ] the terms of the parties' agreements included specified amounts of sentence credit" or the double sentence credit days were "essential, bargained-for terms of defendant's plea agreements." (Emphasis added.) *McDermott*, 2014 IL App (4th) 120655, ¶ 30, 12 N.E.3d 148. Moreover, the terms of a plea agreement are set at the plea hearing, not at sentencing, and sentence credit was *never* mentioned at the October 2008 plea hearing.

¶ 15    To summarize, the rule in *Latona* controls in this case, where defendant seeks to apply double credit for simultaneous time served in presentence custody to his sentence for a crime committed a decade after the *Latona* decision was filed. Further, *Latona* did not change existing law, as evidenced by this court's holding in *Feazell*. Defendant does not, and cannot, raise a benefit-of-the-bargain argument where no evidence shows the parties ever agreed to specific days of "double credit" for presentence time spent in custody. We agree with OSAD and SAAP, *i.e.*, the case presents no meritorious issues for review.

¶ 16                                    III. CONCLUSION

¶ 17    For the reasons stated, we grant OSAD's motion to withdraw as counsel and affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 18    Affirmed.