# Illinois Official Reports

## Appellate Court

---

### *People v. McDermott*, 2014 IL App (4th) 120655

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON T. McDERMOTT, Defendant-Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON T. McDERMOTT, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-12-0655, 4-12-0664 cons. |
| Filed<br>Modified upon<br>denial of rehearing | June 10, 2014<br><br>July 1, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In consolidated appeals from two counties challenging the dismissal of defendant's *pro se* postconviction petitions alleging that he was not properly credited with his presentence incarceration, the appellate court, accepting the State's concession of error, reversed the judgments in the trial courts, vacated both of the sentences and the order of one of the courts that defendant pay the filing fee and costs associated with his postconviction petition, and directed each trial court to impose sentences to terms reduced by an amount of time appropriate to account for defendant's presentence incarceration. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 11-CF-1221; the Hon. Heidi N. Ladd, Judge, presiding, and appeal from the Circuit Court of McLean County, No. 11-CF-637; the Hon. Rebecca Foley, Judge, presiding. |

| Judgment | No. 4-12-0655, Reversed and remanded with directions. |
| | No. 4-12-0664, Reversed and remanded with directions. |
| | |
| Counsel on Appeal | Michael J. Pelletier, Jacqueline L. Bullard, and Gary R. Peterson, all of State Appellate Defender's Office, of Springfield, for appellant. |
| | |
| | Julia Rietz, State's Attorney, of Urbana, and Jason Chambers, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, Allison Paige Brooks, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Pope and Holder White concurred in the judgment and opinion. |

**OPINION**

¶ 1    These consolidated appeals arise from judgments entered by the Champaign County circuit court and McLean County circuit court.

¶ 2    On March 13, 2012, pursuant to a plea agreement, defendant, Jason T. McDermott, pleaded guilty in Champaign County (No. 11-CF-1221) to aggravated battery (720 ILCS 5/12-4(b)(18) (West 2010)), with an agreed-upon sentence of 5 years' imprisonment and credit for 222 days served. On April 23, 2012, defendant filed a *pro se* postconviction petition. On June 28, 2012, the Champaign County circuit court summarily dismissed defendant's petition as frivolous and patently without merit. On July 13, 2012, defendant filed a notice of appeal. This court docketed the appeal as No. 4-12-0655.

¶ 3    On March 22, 2012, pursuant to a plea agreement, defendant pleaded guilty in McLean County (No. 11-CF-637) to one count of unlawful altering of a title document (625 ILCS 5/4-105(a)(1) (West 2008)), with an agreed-upon sentence of 5 years' imprisonment and credit for 233 days served. On April 23, 2012, defendant filed a *pro se* postconviction petition. On June 28, 2012, the McLean County circuit court summarily dismissed defendant's petition as frivolous and patently without merit. On July 16, 2012, defendant filed a notice of appeal. This court docketed the appeal as No. 4-12-0664.

¶ 4    On defendant's motion, we consolidated these two appeals.

¶ 5    On appeal, defendant argues the circuit court erred in dismissing his postconviction petitions. We reverse and remand with directions.

¶ 6                                    I. BACKGROUND

¶ 7    A review of the record indicates defendant is presently serving sentences imposed between August 18, 2011, and March 22, 2012, by the circuit courts of Henry County (No. 06-CF-333), Du Page County (No. 07-CF-536), Sangamon County (No. 08-CF-670), Champaign County (No. 11-CF-1221), and McLean County (No. 11-CF-637), as a result of defendant engaging in the fraudulent buying and selling of motor vehicles. Relevant to this appeal, on August 18, 2011, the Henry County circuit court (No. 06-CF-333) sentenced defendant to 2 concurrent 3-year prison terms for two counts of possession of a stolen vehicle plate (625 ILCS 5/4-104(a)(3) (West 2004)), with credit for 51 days served (August 28, 2006; June 19, 2007; June 30, 2011; and July 1, 2011, through August 17, 2011). On October 12, 2011, the Du Page County circuit court (No. 07-CF-536) sentenced defendant to 3 years in prison for identity theft not exceeding $300 (720 ILCS 5/16G-15(a)(1), (d)(1)(A) (West 2004)), to be served concurrently with Henry County case No. 06-CF-333. The court further found defendant entitled to "receive credit for time actually served in custody since [January 3, 2011]." The written sentencing judgment does not state the dates defendant was in custody after January 3, 2011, or the total number of days defendant served in custody after that date.

¶ 8                          A. Champaign County (No. 4-12-0655)

¶ 9    On August 2, 2011, the State charged defendant by information in this case with aggravated battery (720 ILCS 5/12-4(b)(18) (West 2010)), alleging on June 9, 2011, in Champaign County, defendant struck an officer employed by the Secretary of State with a motor vehicle.

¶ 10   On March 13, 2012, defendant appeared before the Champaign County circuit court on writ from the Jacksonville Correctional Center where he was serving sentences imposed by Henry County (No. 06-CF-333), Du Page County (No. 07-CF-536), and Sangamon County (No. 08-CF-670). The State advised the court of the terms of the parties' plea agreement, stating that, in exchange for defendant's guilty plea, he would receive a five-year sentence of imprisonment. His sentence would be consecutive to his sentences in his Henry and Du Page County cases and concurrent with the sentences imposed in his Sangamon and McLean County cases. The State detailed the various financial obligations defendant would pay, including $13,992 restitution. Finally, the State asserted defendant "would be entitled to 222 days['] credit for time served."

¶ 11   Upon inquiry by the court, defendant stated he understood everything the attorneys said about the agreement and confirmed that the State's recitation accurately reflected their agreement. He denied being promised anything other than what had been stated in court. Following the State's factual basis, defendant pleaded guilty to aggravated battery, and the court sentenced him to the agreed-upon, five-year sentence. The court orally advised

defendant his sentence had to be served consecutively to his sentences in his Henry and Du Page County cases and that he would receive credit for 222 days previously served.

¶ 12   At the close of the plea hearing, defense counsel stated the following:

> "And my client just wants me to stress because he said he's had issues with this before, that he is getting the 222 days['] credit as part of his plea. He wanted to make sure that that is part of the sentence. I've told him it was. He wanted me to ask the Court to confirm to my client that that's part of the plea."

The circuit court responded, stating: "All right. I've corrected all of the judgment orders to reflect 222 days, sir. We will also make sure that's included in the mittimus, the order of commitment that's entered, and forward it to the [Illinois] Department of Corrections [(DOC)]." Defendant did not file a motion to withdraw his guilty plea or a direct appeal.

¶ 13   On April 23, 2012, defendant filed a *pro se* petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2010)). He argued his negotiated guilty plea was based upon credit for 222 days in presentence custody which he did not receive. According to defendant, DOC "assumed, when calculating [his] sentence in this matter, that the 222-days granted in this case was included in the 284-days granted in the consecutive Du Page County sentence, and, as such, [he] is not entitled to 'Double Credit' on a consecutive sentence." Thus, defendant claimed he was denied the benefit of his plea bargain. Defendant made clear he did not wish to withdraw his plea but sought an amended sentencing judgment reducing his 5-year prison term by 444 days, twice the amount of presentence credit earned to account for good-conduct credit he would earn. Defendant attached to his petition the Henry County sentencing judgment (No. 06-CF-333), the Du Page County sentencing judgment (No. 08-CF-637), and three sentence-calculation worksheets prepared by DOC on March 9 and 27, 2012. On June 28, 2012, the circuit court dismissed defendant's petition, finding it frivolous and patently without merit, and ordered defendant to pay the associated filing fees and court costs.

¶ 14                      B. McLean County (No. 4-12-0664)

¶ 15   On August 1, 2011, the State charged defendant by information in this case with five counts of unlawful altering of a title document (625 ILCS 5/4-105(a)(1) (West 2008)) and five counts of misdemeanor odometer fraud (720 ILCS 5/17-11 (West 2008)). The State later charged defendant with an additional count of odometer fraud.

¶ 16   On March 22, 2012, defendant appeared before the McLean County circuit court on writ from the Jacksonville Correctional Center where he was serving sentences imposed by Henry County (No. 06-CF-333), Du Page County (No. 07-CF-536), Sangamon County (No. 08-CF-670), and Champaign County (No. 11-CF-1221). Defendant confirmed he had reached a fully negotiated agreement with the State. According to the written agreement, defendant agreed to plead guilty to one felony count of unlawful altering of a title document and six misdemeanor counts of odometer fraud. With respect to the felony count, the parties agreed defendant would receive a five-year prison sentence, to be served consecutively with

his sentences in the Henry and Du Page County cases. The written plea agreement also stated defendant would receive "[c]redit for 233 days served."

¶ 17 The circuit court reviewed the terms of the written plea agreement with defendant in open court. Defendant acknowledged the court's recitation accurately reflected his agreement with the State and that he understood the agreement. He confirmed no one had made any promises about the case other than what was contained in the written plea agreement. Defendant then pleaded guilty to one count of unlawful altering of a title document in exchange for the agreed-upon, five-year sentence. The court dismissed the remaining felony charges against defendant and ordered his sentence to run consecutively with the sentences in defendant's Henry and Du Page County cases.

¶ 18 At the close of the plea hearing, the following colloquy occurred between the circuit court and defendant:

"[DEFENDANT]: I just have two questions. I wanted to clarify the 233 days of jail time credit. It was part of the plea?

THE COURT: Yes, sir.

[DEFENDANT]: So when I go to DOC, the 233 days will be subtracted [from] or credited to the five-year sentence?

THE COURT: Yes. That should be reflected in your DOC order and you should get a copy of that, from August 2 to March 21. I didn't do the mental calculations in my head, but I would trust the attorneys did.

[DEFENDANT]: So credit towards the five-year sentence.

THE COURT: Yes."

Defendant did not file a motion to withdraw his guilty plea or a direct appeal.

¶ 19 On April 23, 2012, defendant filed a (1) motion to amend mittimus, *i.e.*, sentencing judgment, and (2) petition for postconviction relief. The claims he asserted in his motion to amend sentencing judgment were identical to those set forth in his postconviction petition. Defendant argued his negotiated guilty plea was based upon credit for 232 days (the actual number of days from August 2, 2011, to March 21, 2012) in presentence custody, which he did not receive. According to defendant, DOC "assumed, when calculating [his] sentence in this matter, that the 232-days granted in this case was included in the 284-days granted in the consecutive Du Page County sentence, and, as such, [he] is not entitled to 'Double Credit' on a consecutive sentence." Thus, defendant claimed he was denied the benefit of his plea bargain. He made clear he did not wish to withdraw his plea but sought an amended sentencing judgment reducing his 5-year prison term by 464 days, double the presentence credit earned to account for good-conduct credit defendant would earn. Defendant attached to his postconviction petition the Henry County sentencing judgment (No. 06-CF-333), the Du Page County sentencing judgment (No. 08-CF-637), and three sentence-calculation worksheets prepared by DOC on March 9 and 27, 2012. On June 20, 2012, the circuit court dismissed defendant's motion to amend sentencing judgment and his postconviction petition, finding the postconviction petition frivolous and patently without merit.

¶ 20 These appeals followed.

## II. ANALYSIS

On appeal, defendant argues both the Champaign County (No. 4-12-0655) and McLean County (No. 4-12-0664) cases should be remanded for second-stage postconviction proceedings because he stated arguable constitutional claims that DOC "refused to honor the terms of the plea agreements" and "the State's failure to honor the terms of the plea agreement[s]" deprived him of the benefit of his plea bargains, in violation of his due process rights. In response, the State concedes that defendant's sentences should be reduced to give him the benefit of his bargain. We accept the State's concession.

The Act provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings which resulted in his conviction. 725 ILCS 5/122-1 (West 2010). At the first stage of a postconviction proceeding, the circuit court independently reviews the petition, taking the allegations as true, and determines if it is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10, 912 N.E.2d 1204, 1208-09 (2009). To survive dismissal at this initial stage, the postconviction petition "need only present the gist of a constitutional claim," which is "a low threshold" that requires the petition to contain only a limited amount of detail. *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). In analyzing the petition, courts are to take the allegations of the petition as true, as well as liberally construe them. *People v. Brown*, 236 Ill. 2d 175, 184, 923 N.E.2d 748, 754 (2010).

Moreover, a petition should be summarily dismissed as frivolous or patently without merit only when it has no arguable basis in either fact or law. *Hodges*, 234 Ill. 2d at 11-12, 912 N.E.2d at 1209. Our supreme court has held that a petition lacks an arguable basis in fact or law when it is based on "an indisputably meritless legal theory or a fanciful factual allegation." *Hodges*, 234 Ill. 2d at 16, 912 N.E.2d at 1212. Fanciful factual allegations are those which are "fantastic or delusional," and an indisputably meritless legal theory is one that is completely contradicted by the record. *Hodges*, 234 Ill. 2d at 16-17, 912 N.E.2d at 1212. Our review of the first-stage dismissal of a postconviction petition is *de novo*. *People v. Dunlap*, 2011 IL App (4th) 100595, ¶ 20, 963 N.E.2d 394.

As stated, defendant argues he did not get the benefit of his bargain with the State in either his Champaign or McLean County cases. He maintains, and the State agrees, the terms of his plea agreements in those cases required specified amounts of sentence credit but the credit was not applied to his sentences.

One constitutional challenge that may be made when seeking relief from a guilty plea is "that defendant did not receive the benefit of the bargain he made with the State when he pled guilty." *People v. Whitfield*, 217 Ill. 2d 177, 183-84, 840 N.E.2d 658, 663 (2005). Such a challenge finds its roots in *Santobello v. New York*, 404 U.S. 257, 262 (1971), wherein the Supreme Court held "that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." "[I]f a defendant shows that his plea of guilty was entered in reliance on a plea agreement, he may have a due process right to enforce the terms of the agreement." *Whitfield*, 217 Ill. 2d at 189, 840 N.E.2d at 666.

¶ 27 As the parties point out, the First and Second Appellate Districts have held that, when a specified amount of sentence credit is included within the terms of a defendant's plea agreement with the State, the defendant is entitled to the amount of sentence credit promised. *People v. Clark*, 2011 IL App (2d) 091116, ¶ 1, 956 N.E.2d 1078; *People v. Lenoir*, 2013 IL App (1st) 113615, ¶¶ 12-13, 987 N.E.2d 1015. This is true even if applying the credit toward the defendant's sentence would violate the rule set forth in *People v. Latona*, 184 Ill. 2d 260, 271, 703 N.E.2d 901, 907 (1998), that a defendant may not earn two sentence credits for a single day spent in custody. *Clark*, 2011 IL App (2d) 091116, ¶¶ 1-2, 956 N.E.2d 1078; *Lenoir*, 2013 IL App (1st) 113615, ¶¶ 12-13, 987 N.E.2d 1015; see also *Whitfield*, 217 Ill. 2d at 201, 840 N.E.2d at 672-73 ("[A] present inability to fulfill a promise does not mean a breach of the plea agreement has not occurred.").

¶ 28 Similarly, under reverse circumstances, this court has held that a defendant may not seek to have sentence credit applied when he agreed to forgo credit as part of a plea or other sentencing agreement. *People v. Williams*, 384 Ill. App. 3d 415, 417, 892 N.E.2d 129, 131 (2008); *People v. Evans*, 391 Ill. App. 3d 470, 473, 907 N.E.2d 935, 937 (2009). "[W]hen a defendant enters a negotiated plea of guilty in exchange for specified benefits *** *both the State and the defendant* must be bound by the terms of the agreement." (Emphasis in original.) *Whitfield*, 217 Ill. 2d at 190, 840 N.E.2d at 666 (citing *People v. Evans*, 174 Ill. 2d 320, 327, 673 N.E.2d 244, 247-48 (1996)).

¶ 29 Here, in defendant's Champaign County case, the State set forth the terms of the parties' plea agreement in open court and identified defendant's receipt of 222 days' sentence credit as one of those terms. Upon inquiry by the circuit court, defendant agreed the State's recitation accurately reflected the parties' agreement. In defendant's McLean County case, the written plea agreement stated defendant would receive "[c]redit for 233 days served." The court recited the terms of the plea agreement in open court, including the requirement that defendant would receive the specified amount of credit. Upon inquiry by the court, defendant affirmed that it accurately recited the parties' agreement. Additionally, during the plea hearings in both cases, defendant attempted to "stress" or "clarify" that his sentence credit was a "part of the sentence" or "part of the plea." Both circuit courts confirmed that defendant would receive the specified amount of credit.

¶ 30 As the State points out, this particular case does not turn on the circuit courts' admonishments with respect to sentence credit, or lack thereof, but on the terms of the plea agreements defendant entered into with the State. We acknowledge that had defendant been informed during his plea hearings that his sentence credit would not be calculated as he anticipated and he persisted in his pleas, the result of these appeals could have been different. Under such circumstances, the record would likely show the specified amounts of sentence credit were not essential, bargained-for terms of defendant's plea agreements. Here, however, the record clearly shows the terms of the parties' agreements included specified amounts of sentence credit and the records in each case fail to reflect defendant was informed otherwise. Given the facts presented, defendant was entitled to the agreed-upon amounts of credit and failed to receive the benefit of his bargains with the State when the credit was not applied to his sentences.

¶ 31　　Since the record reflects defendant failed to receive the benefit of his bargain in both his Champaign and McLean County cases, we next turn to the appropriate remedy. In *Whitfield*, 217 Ill. 2d at 202, 840 N.E.2d at 673 (quoting *Santobello*, 404 U.S. at 262-63), the supreme court held that when a defendant fails to receive the "benefit of the bargain," there are two possible remedies: "either the 'promise must be fulfilled' or [the] defendant must be given the opportunity to withdraw his plea." It then described the remedy it provided a defendant under such circumstances, stating as follows:

> "[I]n *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552, 557 (2002), this court exercised its discretion and fashioned an appropriate remedy in a situation where a guilty plea had been induced by a legally unfulfillable promise. *** In *Roe*, the State brought a *mandamus* complaint, seeking to have a sentencing order amended on the grounds that the sentence was illegal. After finding that the sentence, which had been imposed pursuant to a plea agreement, violated the law and, therefore, was void, we held that an 'equitable solution' would be to modify the sentence to one which [the] defendant proposed and which would approximate the penal consequences contemplated by the original plea agreement." *Whitfield*, 217 Ill. 2d at 204-05, 840 N.E.2d at 674-75.

¶ 32　　In his postconviction petitions, defendant clearly asserted that he did not wish to withdraw his fully negotiated pleas of guilty. Further, on appeal, the State concedes that reducing defendant's sentence in his Champaign County case to 3 years and 286 days with no sentence credit and the sentence in his McLean County case to 3 years and 264 days with no sentence credit would most closely approximate the terms of the parties' plea agreement in each case. (We note the State's calculations include the amounts of good-conduct credit defendant would have earned had he received the presentence credit he bargained for in each case. See *Clark*, 2011 IL App (2d) 091116, ¶ 11, 956 N.E.2d 1078 (finding that "[h]ad [the] defendant received 311 days' credit toward his sentence ***, he would have earned an additional 311 days of good-conduct credit" and reducing the defendant's sentence by 622 days to account for both the bargained-for presentence credit and good-conduct credit).) We accept the State's concession. In each case, we reverse the circuit court's dismissal of defendant's postconviction petition, vacate the sentence imposed, and remand to the circuit court with directions that the court impose a sentence of 3 years and 286 days with no sentence credit in Champaign County case No. 11-CF-1221 and 3 years and 264 days with no sentence credit in McLean County case No. 11-CF-637.

¶ 33　　Finally, on appeal, defendant also challenges the Champaign County circuit court's refusal to waive the filing fee associated with his postconviction petition and its order that defendant pay the fee and actual court costs. Defendant argues that, because his postconviction petition was neither frivolous nor patently without merit, this portion of the court's order should also be reversed. The State also concedes this issue.

¶ 34　　If a DOC inmate files a postconviction petition and the circuit court deems the filing frivolous, the inmate "is responsible for the full payment of filing fees and actual court costs." 735 ILCS 5/22-105(a) (West 2012). For the reasons stated, defendant's postconviction petition was not frivolous and he raised a meritorious claim. Again, we accept

the State's concession and vacate the Champaign County circuit court's order that defendant pay the filing fee and court costs associated with his postconviction petition.

¶ 35                                III. CONCLUSION

¶ 36        For the foregoing reasons, we reverse the circuit courts' judgments in case Nos. 4-12-0655 and 4-12-0664, vacate the sentences imposed in those cases, vacate the Champaign County circuit court's order that defendant pay the filing fee and costs associated with his postconviction petition, and remand to the Champaign and McLean County circuit courts with directions that the Champaign County circuit court impose a sentence of 3 years and 286 days' imprisonment with no sentence credit in case No. 11-CF-1221 and the McLean County circuit court impose a sentence of 3 years and 264 days' imprisonment with no sentence credit in case No. 11-CF-637.

¶ 37        No. 4-12-0655, Reversed and remanded with directions.
¶ 38        No. 4-12-0664, Reversed and remanded with directions.