**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190682-U

Order filed November 5, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0682 Circuit No. 16-CF-267 |
| | ) | |
| ALEXANDER J. BRADY, | ) ) | Honorable Terence M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Daugherity and O'Brien concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Defendant's postconviction petition stated the gist of a due process claim regarding the denial of the benefit of the bargain he made with the State.

¶ 2     Defendant, Alexander J. Brady, appeals from the first-stage dismissal of his postconviction petition. Defendant argues he presented the gist of a due process violation. We reverse and remand for further proceedings.

¶ 3                                   I. BACKGROUND

¶ 4        The State charged defendant in a nine-count information arising out of events transpiring on or about August 1, 2016. On December 7, 2016, defendant pled guilty to count II, possession of methamphetamine (720 ILCS 646/60(a) (West 2016)), and count VIII, unlawful possession of a firearm with a revoked Firearm Owner's Identification card (430 ILCS 65/2(a)(1) (West 2016)) in exchange for the dismissal of the remaining counts.

¶ 5        In providing the details of the agreement, the State set forth that on count II, defendant would be sentenced to seven years' imprisonment followed by two years' mandatory supervised release (MSR). The State continued "[h]e will get day-for-day credit on that and credit for the time that he has served here." Similarly, after stating defendant would be sentenced on count VIII to a concurrent five-year term of imprisonment followed by one year of MSR, the State set forth that "again, day-for-day credit-eligible and credit for the time that he has served here." Defendant agreed that was his understanding. The record reveals the parties and the court were aware of pending charges against defendant in other counties and acknowledged that if a prison sentence was imposed in those cases, it would be consecutive to the sentences in this case.

¶ 6        The court accepted the plea agreement finding it knowing and voluntary. It sentenced defendant in accordance with the terms of the plea. The judgment stated that defendant was "entitled to receive credit for time actually served in custody (of 128 days as of the date of this order) from 080116-120616."

¶ 7        On August 9, 2019, defendant filed, as a self-represented litigant, a postconviction petition. Defendant argued that when he agreed to the terms of the plea, "he understood that he would receive 128 days as credit towards the specific sentence in this case." He cited to, and attached, a sentence calculation worksheet he received from the Department of Corrections (DOC) as support for his assertion that he did not receive the credit. Defendant stated that the

2

worksheet shows he did not receive the credit awarded to him in any of three sentences he was serving. He also attached a copy of the judgment order. Defendant cited two cases in support of his position, including *People v. McDermott*, 2014 IL App (4th) 120655, which addressed a postconviction due process claim regarding the refusal to honor sentencing credits promised as part of a negotiated plea.

¶ 8        The court dismissed the petition at the first stage, stating that the allegation that the DOC incorrectly calculated defendant's credit for time served is not an allegation of the denial of a substantial constitutional right. Defendant appeals.

¶ 9                                                    II. ANALYSIS

¶ 10        Defendant argues that the circuit court erred in dismissing his petition at the first stage because he stated the gist of a constitutional claim. Specifically, a due process violation based on the denial of the benefit of his bargain with the State.

¶ 11        A circuit court's first-stage dismissal of a postconviction petition is reviewed *de novo*. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *Hodges*, 234 Ill. 2d at 9. The circuit court may summarily dismiss the petition at the first stage of proceedings if it is frivolous or patently without merit, such that it "has no arguable basis either in law or in fact." *Id.* at 16. At the first stage, the petition's allegations are "taken as true and liberally construed." *People v. Harris*, 224 Ill. 2d 115, 126 (2007). A defendant need only state the gist of a constitutional claim, which is a low threshold. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). "At this stage, a defendant need not make legal arguments or cite to legal authority." *Id.*

¶ 12    As an initial matter, the State argues that defendant's petition was properly dismissed because he failed to exhaust his administrative remedies prior to filing the petition. But, as the court stated in *People v. Rose*, 43 Ill. 2d 273, 279 (1969), "[t]he Post-Conviction Hearing Act provides a separate remedy, the availability of which is not contingent upon exhaustion of any other remedy."

¶ 13    We now turn to defendant's contention that his petition stated the gist of a due process claim. "One constitutional challenge that may be made when seeking relief from a guilty plea is 'that defendant did not receive the benefit of the bargain he made with the State when he pled guilty.' " *McDermott*, 2014 IL App (4th) 120655, ¶ 26 (quoting *People v. Whitfield*, 217 Ill. 2d 177, 183-84 (2005)). "[I]f a defendant shows that his plea of guilty was entered in reliance on a plea agreement, he may have a due process right to enforce the terms of the agreement." *Whitfield*, 217 Ill. 2d at 189. " '[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled.' " *Id.* (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). "[W]hen a specified amount of sentence credit is included within the terms of a defendant's plea agreement with the State, the defendant is entitled to the amount of sentence credit promised" even if applying the credit would violate the rule against earning two sentence credits for a single day in custody. *McDermott*, 2014 IL App (4th) 120655, ¶ 27.

¶ 14    Defendant met the low threshold of stating the gist of a constitutional claim. Defendant's allegations, which we take as true and liberally construe, set forth that he was promised, as part of his plea bargain, certain credit against his sentences in this case and that he was not provided with that credit. In sum, defendant alleged that he did not receive the benefit of the bargain he made with the State in his plea agreement. Thus, defendant has alleged the gist of a due process

4

claim, and the circuit court erred in dismissing the petition at the first stage. See *Whitfield*, 217 Ill. 2d at 189. We therefore reverse that dismissal and remand the matter for second-stage proceedings.

¶ 15                                    III. CONCLUSION

¶ 16        The judgment of the circuit court of Henry County is reversed and remanded for further proceedings.

¶ 17        Reversed and remanded.