2026 IL App (1st) 232489-U

FIFTH DIVISION
May 8, 2026

No. 1-23-2489

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 2006 CR 0709405 2006 CR 0709501 |
| MICHAEL MCINTOSH, | ) ) | The Honorable Nicholas Kantas, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE WILSON delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court did not err in denying defendant's motion to correct the mittimus.

¶ 2 Defendant Michael McIntosh appeals from the denial of his amended motion for a corrected mittimus which requested credit for 1,139 days spent in pretrial custody. On appeal, McIntosh argues that his due process rights were violated when he did not receive the benefit of his plea bargain, which included credit for 1,139 days served. For the following reasons, we affirm the judgment of the circuit court.

¶ 3                                          BACKGROUND

¶ 4        In February 2006, while McIntosh was in pretrial custody at the Cook County jail awaiting trial for armed robbery and other offenses in case number 04 CR 6475, he escaped and committed residential burglary. After he was captured, he was charged with escape and related offenses in case number 06 CR 7094 and residential burglary in case number 06 CR 7095.

¶ 5        In 2008, McIntosh was tried by a jury in case number 04 CR 6475 and was convicted. He was sentenced to 35 years of imprisonment. *People v. McIntosh*, 2025 IL App (1st) 230173-U, ¶ 4. The sentencing order in that case reflects that McIntosh was entitled to 1482 days of credit for time served.

¶ 6        In March 2009, McIntosh pleaded guilty to escape in case number 06 CR 7094 and residential burglary in case number 06 CR 7095 in exchange for the State's promise to dismiss his other pending charges and recommend concurrent ten-year terms of imprisonment to be served consecutive to his sentence in the 2004 case. Before accepting defendant's plea, the court confirmed that no one had "promised" McIntosh anything to get him to plead guilty. The court then warned McIntosh that it "wasn't a party to the plea negotiations between the Public Defender and the State's Attorney" and thus was "not bound by any agreement" the parties had reached. McIntosh indicated that he understood.

¶ 7        After hearing the factual basis, the court accepted his plea and entered a finding of guilty to the escape charge in 06CR7094 and the residential burglary in 06 CR 7095. Pursuant to the agreement, the court sentenced him to 10 years' imprisonment on 06 CR 7094 and 10 years' imprisonment on 06 CR 7095 both to run concurrently, but consecutive to the 35-year sentence he had received in 04 CR 6475. The State then dismissed the remaining charges as promised. Defense counsel told the court that McIntosh was entitled to 1,139 days of credit for time served in pretrial custody, and the court made a notation to that effect on the sentencing order. McIntosh was

informed that "in order to appeal you must within 30 days of today's date file with this court a written motion asking the Court to either reconsider the sentence or vacate the judgment being entered today and for leave to withdraw your plea of guilty setting forth in writing the grounds for that motion as to each one of the cases that you plead guilty to." McIntosh stated that he understood his appeal rights. Defense counsel then asked the court to clarify if the court gave "him credit on both of the concurrent counts." The court responded that it had given McIntosh "[o]ne thousand and one hundred and thirty-nine (1139) days credit on each one for the pleas, on each one of the counts."

¶ 8    In March 2023, McIntosh filed a *pro se* "Motion for Order Nunc Pro Tunc" alleging that the Illinois Department of Corrections (IDOC) had awarded him credit for time served on the 2004 case but not on the 2006 escape and residential burglary cases. In his motion, he asked the court to order IDOC to award him 1,139 days of pretrial custody credit in case number 06 CR 7094. Private counsel appeared on McIntosh's behalf in April 2023 and filed an "Amended Motion for a Corrected Mittimus" in July 2023. The motion asked the court to: (1) reduce McIntosh's term of imprisonment; (2) vacate his guilty plea; and (3) "in the alternative," construe the motion "as a post-conviction petition and a request for relief for ineffective assistance."

¶ 9    A hearing took place on the amended motion in August 2023. The State argued that credit for time served in pretrial custody was not part of McIntosh's plea agreement, that its offer to McIntosh was 10 years IDOC and he was "not entitled to double credit." Defense counsel responded that whether McIntosh was entitled to the credit was irrelevant because the "touchstone [was] whether he was awarded the credit at that time and that was a part of the sentencing process in the agreement." Defense counsel urged that the time-served credit was an "integral part of the plea *** agreement" and asked the court to reissue the mittimus with the 1,139 days deducted from

McIntosh's sentences. Defense counsel then asserted that "the record is that [defendant] was told as part of the plea that he was going to receive this credit."

¶ 10     The court stated that it would not consider McIntosh's motion as a postconviction petition but indicated that it was considering it as "just a motion to correct the mittimus as filed." The court rejected McIntosh's argument that the sentence credit was part of the plea agreement and indicated that it had "never agreed to a number of days in custody as part of a sentence." The court further stated that it "would agree to time, okay, and the mandatory supervised release that goes along with the sentence and I would always indicated (sic) I'm giving you credit for whatever number of days he's been in custody. And that's based on the representation of the attorney who is representing the defendant." The court then stated, "[t]he time credit is not part of the agreement because that's always subject to review by IDOC so there's no way in the world that that could be." The court reasoned that if time credit were to be considered part of the plea agreement, the court would be doing something "beyond the scope of [its] jurisdiction as far as the judicial branch is concerned impinging upon the executive branch who makes the final determination regarding time in custody and time of release." The court ultimately denied the motion finding that the "mitt will stand."

¶ 11     At a December 2023 hearing on McIntosh's motion for reconsideration, defense counsel again argued that McIntosh was entitled to the 1,139 days of credit he was promised as part of his plea agreement. The State reiterated that time-served credit was not a term of McIntosh's plea agreement and that he was not entitled to "double credit." Defense counsel then conceded that the relief he sought amounted to "double credit." The court found that "it would be double credit and everyone seems to agree with that" and it was "very important to make sure double credit isn't given." The court found that in this case "[t]here was a number given, State made no objection to

4

that number, and ultimately he went to IDOC" where IDOC reviewed the mittimus and changed the credit given, which is within their purview.

¶ 12    Defendant filed his notice of appeal on December 18, 2023. He was released from prison and began serving his term of mandatory supervised release (MSR) on March 14, 2025.

¶ 13                                 ANALYSIS

¶ 14    McIntosh argues that his due process rights were violated because he did not receive the benefit of his plea bargain, which he claims included 1,139 days of presentence credit. According to McIntosh, after he completed his sentence in 04 CR 647502, and began serving the concurrent 10-year terms in the 2006 cases, he learned that IDOC refused to apply the 1,139 days credit to his concurrent 10-year sentences. Given that he is currently serving MSR, McIntosh argues that we should issue an amended sentencing order reducing his ten-year term by 1,139 days and should specify that his 3-year period of MSR began on the date he should have been released from custody. McIntosh acknowledges that awarding him the full amount of credit specified in the plea agreements and the mittimuses would amount to "double credit" for time served in Cook County jail prior to sentencing in the 2004 and 2006 cases, but argues the general rule that a defendant cannot receive double credit is overcome when, as here, the purportedly improper credit was the benefit of the defendant's bargain.

¶ 15    Before we address the merits of McIntosh's claim, we must address the State's contention that we lack jurisdiction to consider McIntosh's appeal because he did not file a postsentencing motion under Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024) raising his sentencing credit claim. The State argues that McIntosh's motion asked the court to reduce his prison sentence to conform to the terms of the plea agreement, and in the alternative, to vacate his guilty plea, and therefore was not cognizable under Rule 472. Whether we have jurisdiction is a question of law,

which we review *de novo*. *People v. Tolbert*, 2021 IL App (1st) 181654, ¶ 8.

¶ 16    "Normally, the authority of a trial court to alter a sentence terminates after 30 days." *People v. Flowers*, 208 Ill. 2d 291, 303 (2003). "This 30-day limitation is incorporated into Rule 604(d), which governs postjudgment motions in cases *** where the defendant has pleaded guilty." *Id.* (citing Illinois Supreme Court Rule 604(d)).  However, Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024) provides that the trial court retains jurisdiction to correct certain sentencing errors "at any time following judgment and after notice to the parties, including during the pendency of an appeal," and states that "[n]o appeal may be taken by a party from a judgment of conviction on the ground of any sentencing error specified above unless such alleged error has first been raised in the circuit court." If a party attempts "to raise sentencing errors covered by this rule for the first time on appeal, the reviewing court shall remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e) (eff. Feb. 1, 2024). The specified sentencing errors covered by Rule 472 are the following: (1) "[e]rrors in the imposition or calculation of fines, fees, assessments, or costs," (2) errors in per diem credit, (3) "[e]rrors in the calculation of presentence custody credit," and (4) clerical errors in the written sentencing order. Ill. S. Ct. R. 472(a)(1)-(4) (eff. Feb. 1, 2024).

¶ 17    McIntosh insists that we have jurisdiction in this case because "this is an appeal from the denial of a Rule 472 motion because [he] is seeking credit for time served," which allows for the circuit court to retain jurisdiction to correct clerical errors or matters of form. He correctly claims that although his motion did not allege an error in the calculation of his presentence credit *per se*, the trial court nevertheless considered his motion as a motion to correct the mittimus. Therefore, we find that the trial court had jurisdiction over McIntosh's motion to correct the sentencing order pursuant to Rule 472. Accordingly, because McIntosh raised his presentence custody credit claim

in the circuit court, we have jurisdiction to consider his appeal. See Ill. S. Ct. R. 472(c) (eff. Feb. 1, 2024).

¶ 18    Turning to the merits, we review whether a defendant received appropriate pretrial custody credit *de novo*. *People v. Clark*, 2014 IL App (4th) 130331, ¶ 16.

¶ 19    McIntosh argues that the 1,139 days of pretrial credit was part of his plea agreement and therefore he is entitled to the benefit of the bargain. "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *People v. Whitfield*, 217 Ill. 2d 177, 185 (2005) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

¶ 20    In *People v. Lenoir*, 2013 IL App (1st) 113615, ¶ 13, the issue was whether the defendant could demand the benefit of his bargain without withdrawing his plea. The defendant's plea agreement included 309 days' credit against a seven-year prison sentence, which was to be consecutive to his sentence in another case where he received the same 309 days' credit. This resulted "in defendant receiving double credit for time served, which is impermissible." *Id*. ¶ 12 (citing *People v. Latona*, 184 Ill. 2d 260, 271 (1998) (a defendant with consecutive sentences who was in presentencing custody on more than one offense simultaneously receives credit only once for each day in custody)). We found that because due process requires that " 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled,' " the defendant was entitled to the benefit of his bargain and that the appropriate remedy was to reduce his sentence by 309 days. *Id*. ¶¶ 13, 21 (quoting *Whitfield*, 217 Ill. 2d at 185).

¶ 21    In *People v. Clark*, 2011 IL App (2d) 091116, we reduced a defendant's prison sentence to reflect the presentencing credit in his plea agreement despite the fact that it would constitute double

credit under *Latona*. During the plea hearing, the State described the plea agreement stating that the defendant would receive consecutive eight-year prison terms on two charges with credit of 339 days in one case and 311 days in the other. *Id*. ¶ 5. Neither the State nor the court stated that the credits would run concurrently, though the prison terms were consecutive. *Id*. ¶¶ 5-6. Therefore, we found that the defendant was entitled to the benefit of his bargain with the State for 339 and 311 days' credit and the appropriate remedy was to reduce the prison sentence for the offense with 311 days' credit by 622 days to account for the additional good-conduct credit arising from the additional presentencing credit. *Id*. ¶ 11.

¶ 22    Similarly, in *People v. McDermott*, 2014 IL App (4th) 120655, we granted relief to the defendant where his plea agreements in two cases expressly stated that he would receive credits of 222 and 233 days. *Id*. ¶¶ 10-12, 16-18. We noted that *Whitfield* requires relief when a defendant claims " '[he] did not receive the benefit of the bargain he made with the State when he pled guilty' " and relied on *Lenoir* and *Clark* to find "when a specified amount of sentence credit is included within the terms of a defendant's plea agreement with the State, the defendant is entitled to the amount of sentence credit promised." *Id*. ¶¶ 26-27 (quoting *Whitfield*, 217 Ill. 2d at 183-84).

¶ 23    In *People v. Reeves*, 2015 IL App (4th) 130707, this court found *Lenoir*, *Clark*, and *McDermott* distinguishable. Reeves appealed the circuit court's dismissal of his motion to amend the mittimus in two cases with consecutive sentences to reflect a specific number of days of credit for simultaneous presentencing custody on separate charges. *Id*. ¶1. We found that the plea agreement did not include double credit where the record did not indicate that the State and defense agreed to double credit, the plea hearing contained no reference to credit, and only the State and court mentioned credit at sentencing. *Id*. ¶¶ 13-14. Unlike *McDermott*, the record did not "clearly show[ ] the terms of the parties' agreements included specified amounts of sentence credit or the

double sentence credit days were essential, bargained-for terms of defendant's plea agreements." (Emphasis in the original; internal quotation marks removed.) *Id*. ¶ 14 (citing *McDermott*, 2014 IL App (4th) 120655, ¶ 30).

¶ 24     This case is analogous to *Reeves*. Here, the record does not indicate that the 1,139 days of presentencing credit was part of the plea agreement. The court informed McIntosh:

> "Mr. McIntosh, the State's Attorney and the Public Defender, who represents you, have indicated to me that there is a plea agreement on this the case and that upon the plea of guilty to Count 5 of 06 CR 7094, Count 5 is an escape charge that in exchange for a plea of guilty on that matter, also a plea of guilty on 7095, which is the residential burglary charge, that in each one of those matters you would be sentenced to a period of incarceration for ten years. Those two 10 year terms would run concurrently, but those two 10 year terms would be consecutive to a term that you're already serving under 04 CR 6475, to which you were sentenced to 35 years of incarceration. Based upon that agreement do you wish to withdraw your plea of not guilty and enter a plea of guilty to the charges that I've just indicated to you?"

When asked, McIntosh confirmed that this was his understanding of the agreement. After further admonishments, McIntosh denied that anyone had promised him anything to induce his pleas, and then the court advised him that it was not bound by an agreement between the parties. McIntosh indicated that he understood. Only after accepting the pleas did the court inquire about presentence custody credit. Defense counsel then stated that defendant was entitled to 1,139 days of credit, and the court noted that amount on the mittimus. The court then informed McIntosh of his appeal rights and issued the mittimus. Defense counsel then asked the court whether it had given McIntosh "credit on both concurrent counts." The court responded, "correct."

¶ 25 Accordingly, the record does not "clearly show[ ] the terms of the parties' agreements included specified amounts of sentence credit" or the double sentence credit days were "essential, bargained-for terms of defendant's plea agreements." *Id*. ¶ 14 (citing *McDermott*, 2014 IL App (4th) 120655, ¶ 30). Defense counsel only mentioned the 1,139 days presentence credit when the court asked about it, after the court accepted McIntosh's plea. As we noted in *Reeves*, "the terms of a plea agreement are set at the plea hearing, not at sentencing," and sentence credit was not mentioned when the court accepted McIntosh's plea. *Id*. Because the presentence custody credit was not part of the plea agreement, McIntosh is not entitled to enforce it as a benefit of his bargain. For that reason, we find that the court did not err when it denied McIntosh's motion for a corrected mittimus.

¶ 26 We similarly reject McIntosh's claim that the trial court erred in declining to treat his amended motion to correct the mittimus as a petition for postconviction relief. Our supreme court has explicitly stated that "a trial court's decision not to recharacterize a defendant's *pro se* pleading as a postconviction petition may not be reviewed for error." *People v. Stoffel*, 239 Ill. 2d 314, 324 (2010).

¶ 27                                    CONCLUSION

¶ 28 For the foregoing reasons, we find that McIntosh was not denied the benefit of his plea bargain and that the circuit court properly denied his motion for a corrected mittimus. Accordingly, we affirm the judgment of the circuit court.

¶ 29 Affirmed.